ALMON, Justice.
Mobile County appeals from an order of the circuit court denying its petition for a writ of mandamus directing the City of Saraland to grant Mobile County a permit to install a drainage pipe across the right-of-way of Bayou Sara Avenue. We reverse and remand to the circuit court of Mobile County for that court to issue an order granting the writ of mandamus.
The county requested a permit from Sar-aland pursuant to Saraland’s ordinance providing for street excavation. The county sought the permit in order to install a drainage pipe under Bayou Sara Avenue. The permit from Saraland is necessary to complete the county’s drainage system to improve the Blackjack community, an unincorporated area of Mobile County. Blackjack is bordered on the north by the City of Satsuma, on the east by the City of Mobile, and on the south and west by the City of Saraland. The streets of Blackjack are unpaved, and the condition of the roads is deplorable as a result of the lack of drainage. The county, seeking to solve the drainage problem, secured a grant of $318,-000.00 from the Department of Housing and Urban Development, which, when added to county funds, would pay the cost of the project. All that remains to be done in order for the county to proceed with the drainage project is a permit from Saraland to install a pipe under Bayou Sara Avenue. The county has permits from the City of Satsuma and the U.S. Army Corps of Engineers.
Meanwhile, prior to requesting a permit from Saraland to install the pipe under the street, the county asked the Saraland City Council to bring condemnation proceedings against the land needed for the project within Saraland city limits. When the city did not bring the condemnation proceeding, the county filed an action in December 1983 to condemn the right-of-way. The city resisted.
In March 1984, the probate court denied the county’s application to condemn. No appeal was taken by the county. The county eventually purchased the land from the property owners within Saraland city limits. The county continued to negotiate with Saraland for street excavation and requested a permit pursuant to Saraland Ordinance 206. Section one of this ordinance provides that before any excavation can be done on a Saraland city street a permit must first be obtained from the city clerk. Section five provides that before any permit to excavate is granted a bond must be furnished in double the amount of the cost of the repairs necessary to return the street to its original condition. The county posted a sufficient surety bond pursuant to the ordinance.
Although the ordinance provides that a request for a permit shall be filed with the clerk, the county’s request was addressed to the city council. However, no issue is made of this technicality.
Saraland maintained at the trial that it refused to issue a permit because of its concern with the impact of the drainage system on pollution and the flooding of Bayou Sara Creek. The mayor testified that the refusal was partly because of political pressure from the Saraland citizens. The county’s engineers testified, however, that the drainage system would reduce surface water pollution because it would help prevent the water table from rising.
After hearing the evidence, the trial judge made findings of fact and conclusions of law. First, the court held that the county had no legal right to the permit because the city had the absolute authority under Art. XII, § 220, Constitution 1901, to determine who may be granted a permit. Alternatively, the court held that to grant or deny a permit was within the discretion of the city council, and that the council did not abuse its discretion. Second, the court held that the county was not entitled to the writ of mandamus because it had other remedies, and that the county was attempting to use mandamus as a substitute for appeal. Third, the court affirmed the city’s *440 defenses of res judicata, collateral estoppel, and laches.
Section 220, Constitution 1901, provides: “No person, firm, association, or corporation shall be authorized or permitted to use the streets, avenues, alleys, or public places of any city, town, or village for the construction or operation of any public utility or private enterprise, without first obtaining the consent of the proper authorities of such city, town, or village.”
The trial court held that the county was a person or corporation, and further held that the proposed drainage system was a public utility. We do not agree that the proposed drainage pipe comes within the ambit of this section of the Constitution. Section 228 prohibits a city or town from granting a right to use its streets, etc., “for the construction or operation of water works, gas works, telephone or telegraph line, electric light or power plants, steam or other heating plants, street railroads, or any other public utility,” for longer than 30 years. Similarly, Code 1975, § 37-4-1, defines “utility” for the Code chapter on “Public Utilities Other Than Transportation Companies or Motor Vehicle Carriers,” including as the only arguably pertinent provision: “Any plant, property or facility for the supply, storage, distribution, or furnishing to or for the public of water for manufacturing, municipal, domestic or other uses.” These provisions do not include drainage systems, which allow for the runoff of rainwater and are normally constructed and maintained by government entities; instead, the enumerated utilities are for the furnishing of electricity, telephone service, gas, water, or steam, or transportation on the streets themselves, and are principally operated by private entities.
None of the annotated cases interpreting any of these sections appears to involve a sewer or drainage system. Instead, § 220 has been held to govern the granting a franchise to use the city streets. Crabtree v. City of Birmingham, 292 Ala. 684, 299 So.2d 282 (1974), and cases cited therein. We conclude that the proposed drainage pipe is not a “public utility” within the meaning of § 220, and therefore that its construction cannot be prohibited by reference to this section of the Constitution of 1901. Cf. Opinion of the Justices, 263 Ala. 174, 81 So.2d 699 (1955), holding that a tunnel is not a utility for purposes of § 228.
The trial court’s alternative ground for denying the petition on its merits, that the city was within its discretion in denying the permit, must also fall. We find that the city council's refusal to grant the county a permit pursuant to the provisions of its Ordinance 206 was arbitrary and capricious. The county complied with all of the provisions of the ordinance. The city clerk testified that she routinely granted permits under the ordinance; that the applications for permits never went to the mayor; that the application filed by the county was the first to be denied since 1978, and she further testified that, had the application come to her initially, she would have issued the permit. The trial court held that the denial of the permit by the city was discretionary and that it did not abuse its discretion. We do not agree. The city had no flood plain management plan; it had no ordinance on the subject, and its decision appears not to have been based on any expert opinion. In fact, the city did not consult an expert until after the petition for mandamus was filed by the county. This Court stated in Pritchett v. Nathan Rodgers Construction & Realty Corp., 379 So.2d 545 (Ala.1980), that mandamus will lie to order an official not to exercise his discretion in an arbitrary and capricious manner. Further, the Court stated that a city has the power to regulate for the protection of the health of its citizens, but that that power cannot be exercised arbitrarily. In Pritchett the Court found that the city was proceeding to grant or deny applications on an arbitrary case-by-case basis, as the City of Saraland appears to have done in this case.
Contrary to contentions of the city, mandamus is the only remedy available to the county to prevent a failure of justice. The county has a clear right to improve the conditions of the Blackjack community. Drainage of the area is the first link in the chain of improvement. The county should *441 not be denied that right for arbitrary reasons — particularly political pressure. In Foshee v. State, 210 Ala. 155, 97 So. 565 (1923), this Court held that a writ of mandamus could be used to prevent a failure of justice where there is a clear right and there is an absence of any other adequate remedy to correct the errors of an inferior tribunal. See Katz v. Alabama State Board of Medical Examiners, 351 So.2d 890 (Ala.1977).
We hold that the denial of the permit to excavate Bayou Sara Avenue was arbitrary and capricious. The trial court’s order denying the writ is reversed, and the cause remanded. The writ is due to be granted.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result.